UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case No. 8:05-CR-475-T-27TGW

**THOMAS SPELLISSY and**
**STRATEGIC DEFENSE INTERNATIONAL, INC.**

_____/

## ORDER

**BEFORE THE COURT** is Defendants Thomas Spellissy and Strategic Defense International, Inc.'s Joint Renewed Motion for Judgments of Acquittal and, in the alternative, Motion for New Trial (Dkt. 65) and the Government's response in opposition (Dkt. 67). A hearing was conducted on July 6, 2006. At the conclusion of the hearing, the Court granted *in part* Defendants' motion and announced its findings, reasons and conclusions, which are incorporated herein. A copy of the transcript of the Court's ruling, findings, reasons and conclusions is attached hereto and made a part hereof. Defendants' Joint Renewed Motion for Judgment of Acquittal pursuant to Rule 29(c) is DENIED as to Counts One, Four and Five. The motion is GRANTED as to Counts Two and Three. Defendants' alternative Motion for New Trial pursuant to Rule 33 is GRANTED as to Counts Four and Five and DENIED as to Count One.

*Joint Renewed Motion for Judgment of Acquittal*

The determination of whether a motion for judgment of acquittal should be granted turns on

whether, viewing the evidence in the light most favorable to the government, a reasonable jury could find proof of guilt beyond a reasonable doubt. *United States v. Thomas*, 8 F.3d 1552, 1556-57 (11th Cir. 1993). On a motion for judgment of acquittal, the Court assumes the truth of the evidence offered by the prosecution and cannot weigh the evidence or consider the credibility of witnesses. *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985).

As to Count One (Conspiracy), the evidence introduced, including but not limited to Government's Exhibits 10, 11 and 12, sufficiently established that these Defendants and William Burke, an unindicted co-conspirator, agreed to commit the offense of mail fraud, that is, deprive the United States of the intangible right of William Burke's honest services, that the Defendants knew of the conspiratorial goal and that the Defendants voluntarily participated in accomplishing that goal. As to Counts Four and Five (the Wire Fraud counts), there was likewise sufficient evidence to support the jury's verdicts of guilty. As to Counts Two and Three (the Bribery counts) however, no reasonable jury could find proof of guilty beyond a reasonable doubt, even considering the evidence in a light most favorable to the Government.

Simply put, the Government's primary witness, William Burke, testified unequivocally that he never conspired with Defendants to commit any type of fraud, never did anything illegal and was never bribed in return for preferential treatment of any of the Defendants' consulting clients. Notwithstanding that Burke entered a guilty plea pursuant to a written plea agreement in which he stipulated to facts in support of the charges, Burke essentially disavowed his guilty plea and those underlying facts, explaining to the jury that he pled guilty simply to avoid going to prison. With respect to the $4500.00 the Government contends was a bribe paid by Defendants to Burke, Burke explained that he performed more than 45 hours of services for Defendants for which he invoiced

Defendants at the rate of $100.00 per hour. Burke invoiced Defendants for those services (Government's Exhibits 4B and 4C) and received IRS 1099 forms from Defendants. Burke adamantly maintained without any contradictory evidence presented by the Government that he actually performed those services and was paid only for those services. Applying Rule 29 standards, the Court "assumes the truth of the evidence offered by the prosecution," to wit, Burke's testimony that he performed legitimate services and was paid at the rate of $100.00 per hour for 45 hours. *United States v. Martinez*, 763 F.2d at 1312. The Government offered no evidence to the contrary and accordingly, there was no evidence on which a reasonable jury could have concluded that the $4500.00 represented a bribe paid to Burke in exchange for preferential treatment of Defendants' consulting clients.

In sum, the Government presented no evidence that Defendants "directly or indirectly gave or offered or promised something of value" to Burke and that the Defendants "did so knowingly and corruptly, with intent to influence an official act or to influence such public official (Burke) to allow or make opportunity with the commission of a fraud on the United States." (*See* Jury Instructions, Dkt. 58 at p. 14). Moreover, to the extent Burke's guilty plea and the facts he stipulated to in his plea agreement constituted a prior inconsistent statement supporting the bribery allegations, those prior inconsistent statements cannot suffice to support a conviction as to Defendants Spellissy and Strategic Defense International, Inc.

While Burke's plea agreement and guilty plea may have been appropriate impeachment material to assess Burke's credibility, it cannot and does not constitute substantial evidence as to each element of the bribery allegations against Spellissy and Strategic Defense International, Inc. from which a jury could find that those Defendants, as opposed to Burke, guilty beyond a reasonable doubt. *See United States v. Orrico*, 599 F.2d 113, 117-18 (6th Cir. 1979) (holding that only in the

most unusual case can a prior inconsistent statement of a government witness alone suffice to support a conviction since it is unlikely that a reasonable juror could be convinced beyond a reasonable doubt by such evidence alone.)

*Alternative Motion for New Trial*

As to Defendants' alternative Motion for New Trial, "the Court need not view the evidence in the light most favorable to the verdict." *Martinez*, 763 F.2d at 1312. The Court may weigh the evidence and consider the credibility of the witnesses. *Id.*, citing *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980). The Court is mindful that motions for new trials based on the weight of the evidence are not favored and granted only sparingly, with caution. It is only the exceptional case which warrants a new trial and only where the credibility of the Government's witness has, as here, been impeached and the Government's case has, as here, been marked by uncertainties and discrepancies that a new trial is warranted. *United States v. Martinez, supra; United States v. Cox*, 995 F.2d 1041, 1043-1045, n.9 (11th Cir. 1993).

Here, the Government's key witness, William Burke, was impeached by the Government by virtue of his plea agreement and guilty plea. His credibility was shattered to the point that the Government argued to the jury during closing argument that it should completely disregard his testimony. As a result of Burke's testimony, in which he adamantly denied any criminal culpability and testified without contradiction that he performed legitimate services in exchange for payment by Defendants, the Government's case supporting Counts Four and Five (the Wire Fraud counts) as well as Counts Two and Three (the Bribery counts) is marked by uncertainties and discrepancies. Under these circumstances, the Court concludes as to all counts except Count One (Conspiracy), the evidence preponderates heavily against the guilty verdicts such that it would be a miscarriage of justice to let the guilty verdict stand. Where, as here, there is no direct proof of the Defendants' guilt

as to Counts Two through Five and the Government's case depends on inference upon inference drawn from uncorroborated emails and invoices (no testimony) and the only Government witness with personal knowledge (Burke) denies any criminal culpability, a new trial is mandated as to the substantive counts charged in Counts Four and Five.[1]

Finally, this Court is not permitted to and has not re-weighed the evidence and set aside the verdicts simply because it believes that some other result would have been more reasonable. Simply put, the Government's case in support of Counts Two through Five hinged on the anticipated favorable testimony of Burke. Through no fault of the Government, Burke's testimony contradicted the substantive allegations of the Indictment. To the extent the Government points to emails authored by the Defendants as proof of the substantive offenses, this Court finds and concludes that notwithstanding the abstract sufficiency of the evidence to sustain the guilty verdicts, given Burke's testimony, the evidence preponderates sufficiently heavily against the guilty verdicts such that a serious miscarriage of justice may have occurred. Under these circumstances, the guilty verdicts as to Counts Two through Five must be set aside and a new trial granted. (*See Martinez*, 763 F.2d at 1312) (despite abstract sufficiency of evidence to sustain the verdict, where evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, verdict must be set aside and a new trial granted), citing *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980).[2]

---

[1] As discussed, the Conspiracy count stands supported by substantial evidence in the form of emails between the co-conspirators evidencing an agreement as charged in Count One.

[2] For these reasons, notwithstanding the grant of a judgment of acquittal as to Counts Two and Three, this Court conditionally determines that a new trial is warranted as to Counts Two and Three. *See* Rule 29(d)(1).

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Defendants' Joint Renewed Motion for Judgment of Acquittal pursuant to Rule 29(c) (Dkt. 65) is DENIED as to Counts One, Four and Five. The motion is GRANTED as to Counts Two and Three. The Verdict of guilt as to both Defendants on Counts Two and Three is set aside and a Judgment of Acquittal is entered as to both Defendants on Counts Two and Three.

2. Defendants' alternative Motion for New Trial pursuant to Rule 33 is GRANTED as to Counts Four and Five and DENIED as to Count One.

**DONE AND ORDERED** in chambers this 11th day of July, 2006.

**JAMES D. WHITTEMORE**
United States District Judge

Copies to:
Counsel of Record