UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                                                 Case No. 8:05-CR-475-T-27TGW

THOMAS SPELLISSY and
STRATEGIC DEFENSE INTERNATIONAL, INC.
_____/

## ORDER

**BEFORE THE COURT** are Defendants Thomas Spellissy and Strategic Defense International, Inc.'s Joint Motion for a Continued Stay of Sentence Pending a Hearing for a New Trial Based on New Evidence (Dkt. 126), Defendants' Addendum (Dkt. 130), Defendants' 2nd Addendum (Dkt. 133)[1], and the Government's Opposition (Dkt. 138).

Defendants' motion cites only 28 U.S.C. § 2255 and Rule 33, Fed.R.Crim.P. Neither authorizes a stay of sentence, however. Interim release pending collateral review is granted only if a likelihood of success on the merits of a constitutional claim is established and that extraordinary and exceptional circumstances exist, making release necessary to preserve the effectiveness of the relief sought. *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990). Defendants have not made this showing. As demonstrated by the discussion in a separate order denying Defendants' Motion for New Trial, there is no likelihood of success on the merits of that motion. Likewise, there is no likelihood of success on this motion, to the extent it seeks collateral relief.

---

[1] Defendants' "Addendums" (Dkts. 130 and 133) were docketed as "Amended Motions" on the Court's CM-ECF system. They will be considered as such.

To the extent Defendants seek relief pursuant to § 2255, the motions are summarily DENIED.[2] Generally, the proper avenue of relief for a defendant collaterally attacking his sentence as unconstitutional is 28 U.S.C. § 2255. Under the Rules Governing Section 2255 Cases, Rule 4(b), a § 2255 motion may be summarily dismissed "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Here, it is apparent from the face of the motions and the prior proceedings that Defendants are not entitled to relief.

Defendant Spellissy argues that his conviction should be vacated because "the preponderance of the evidence overwhelmingly proves beyond a reasonable doubt that he is innocent"(Dkt. 128 at p. 2), "the underlying facts of the case have been substantially changed and additional punishment has been administered . . ." in violation of the Eighth Amendment, the 5th Amendment and the Double Jeopardy Clause (Dkt. 130, p. 2; Dkt. 133, p. 2), and because of "vindictive actions by the Department of Defense." (Dkt. 133, p. 2). Defendants do not fully develop these arguments.[3] Regardless, the contentions raised are largely frivolous.

Defendants' contention that the sentences imposed constitute "cruel and unusual punishment" under the Eighth Amendment is frivolous.[4] Defendant Spellissy is not yet a prisoner. The "Cruel

---

[2] A criminal conviction becomes final when either the Supreme Court denies certiorari or upon expiration of the 90 day time period for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *Barnes v. United States*, 437 F.3d 1074, 1077 (11th Cir. 2006); *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003). Defendants apparently do not intend to file for certiorari review.

[3] The instant motions cite no case law for the broad reaching contentions made. An example is the statement: "According to Eleventh Circuit authority, this motion provides that Defendants Thomas Spellissy and SDI, Inc. are entitled to a stay of sentence under Title 28 USC § 2255." (Dkt. 126, p. 4; Dkt. 130, p. 2). However, no Eleventh Circuit authority is cited in support of this statement. In another example of a failure to appropriately analyze the arguments made and research applicable authority, Defendants cite to *United States v. Halper*, 490 U.S. 435 (1989) in support of a purported double jeopardy claim. *Halper*, however, was abrogated by *Hudson v. United States*, 522 U.S. 93, 101-102 (1997)("We believe that *Halper's* deviation from longstanding double jeopardy principles was ill considered.").

[4] This argument is not fully developed. Defendants refer only to the Eighth Amendment's protection against "cruel and unusual punishment." (Dkt. 130, p. 2). It is unclear, therefore, whether Defendants challenge their criminal sentences, which included modest fines, as cruel and unusual or the administrative reduction in Spellissy's retirement pay as an excessive fine. There is a constitutional distinction between the two, which counsel should have understood.

and Unusual Punishments Clause" applies to the conditions of a prisoner's confinement. *Chandler v. Crosby*, 379 F.3d 1278, 1288-89 (11th Cir. 2004). Likewise, Defendants' argument that they have been denied due process is frivolous. The sufficiency of the evidence supporting their convictions was the subject of extensive post-trial motions and argument before this Court. The convictions have been affirmed on appeal. Defendants' contentions that the alleged newly discovered evidence "overwhelmingly proves beyond a reasonable doubt that he is innocent" is disingenuous at best.

Finally, to the extent Defendants argue that their convictions were in some way barred by the Double Jeopardy Clause, that argument is without merit.[5] It is unnecessary to engage in an analysis of whether the Army's administrative penalty is criminal or civil. *See Hudson v. United States*, 522 U.S. 93, 99 (1997). Even assuming that Spellissy's reduction in retirement pay grade constituted a penalty and was the result of the same conduct underlying his criminal conviction, Spellissy's criminal conviction and sentence did not constitute double jeopardy because the administrative penalties complained of were imposed after Spellissy was convicted. According to Defendants' submissions, Spellissy was notified of his administrative reduction in retirement pay grade in a letter dated October 4, 2007, well after he was convicted and sentenced. (Dkt. 130, p. 2; Dkt. 133-2). Moreover, Defendants have not suggested, let alone established, how this Court has Article III jurisdiction to consider his argument that the administrative action was a violation of the Double

---

*See Alexander v. United States*, 509 U.S. 544, 558 (1993)("Unlike the Cruel and Unusual Punishments Clause, which is concerned with matters such as the duration or conditions of confinement, "[t]he Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense.")(*quoting Austin v. United States*, 509 U.S. 602, 609-10 (1993). Regardless, Defendants' arguments are without merit.

[5] Likewise, this argument is not fully developed, leaving the Court to speculate as to what Defendants' argument really is. For example, if it is Defendants contention that Spellissy's criminal trial placed him in double jeopardy as a result of a retroactive adjustment in Spellissy's retirement pay grade, that argument is disingenuous. Spellissy's criminal conviction was not successive to any reduction in his retirement pay grade. *See Hudson v. United States*, 522 U.S. 93, 99 ("In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution, and then only when such occurs in successive proceedings . . . ." (citations omitted). Moreover, any issues regarding the propriety of that reduction in pay grade are not properly before this Court.

Jeopardy Clause.

The remaining arguments raised by Defendants are nothing more than challenges to the trial proceedings and the sufficiency of the evidence, issues which are not subject to collateral review. Therefore, it is

**ORDERED AND ADJUDGED:**

1. Defendants' Joint Motion for a Continued Stay of Sentence Pending a Hearing for a New Trial Based on New Evidence (Dkt. 126); Defendants' Addendum to Joint Motion for a Continued Stay of Sentence Pending a Hearing for a New Trial Based on New Evidence (Dkt. 130), and Defendants' 2nd Addendum to Joint Motion for a Continued Stay of Sentence Pending a Hearing for a New Trial Based on New Evidence (Dkt. 133) are DENIED.

2. **The United States Marshal is directed to obtain a report date for Defendant Spellissy from the Bureau of Prisons.**

**DONE AND ORDERED** in chambers this 14th day of November, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
U.S. Marshal's office
Bureau of Prisons