UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                                  Case No. 8:05-CR-475-T-27TGW

THOMAS SPELLISSY and
STRATEGIC DEFENSE INTERNATIONAL, INC.
_____/

## ORDER

**BEFORE THE COURT** are Defendants Thomas Spellissy and Strategic Defense International, Inc.'s Joint Motion for New Trial Based on New Evidence (Dkt. 125), Defendants' Addendum to Joint Motion for New Trial Based on New Evidence (Dkt. 129),[1] and the Government's Responses in opposition (Dkts. 137, 138). Defendants' motions are DENIED.

To obtain a new trial based on newly discovered evidence, Defendants must establish that (1) the evidence was discovered after trial, (2) Defendants' failure to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the evidence is such that a new trial would probably produce a different result. *United States v. Gates*, 10 F.3d 765, 767 (11th Cir. 1993)(*modified*, 20 F.3d 1550 (11th Cir. 1994)). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." *United States v. Lee*, 68 F.3d 1267, 1274 (11th Cir. 1995); *United States v. Schlei*, 122 F.3d 944, 991 (11th

---

[1] Defendants also filed an "Addendum to Defendants Thomas Spellissy and Strategic Defense International, Inc.'s Joint Motion for a Continued Stay of Sentence Pending a Hearing for a New Trial Based on New Evidence (Dkt. 130) and a "2nd Addendum to Defendants Thomas Spellissy and Strategic Defense International, Inc.'s Joint Motion for New Trial Based on New Evidence (Dkt. 133). The request for a stay of sentence argued therein will be denied by separate order. Defendants' "Addendums" (Dkts. 129, 130 and 133) were docketed as "Amended Motions" on the Court's CM-ECF system. They will be considered as such.

Cir. 1997). Moreover, unsubstantiated allegations and accusations such as are made by these Defendants are not sufficient to support a motion for new trial based on newly discovered evidence. *United States v. Spuza,* 194 F. App'x 671, 674, 2006 WL 2448809, **2 (11th Cir. 2006), *cert. denied,* 127 S.Ct. 1011 (2007)(*citing United States v. Calderon,* 127 F.3d 1314, 1348, 1354-55 (11th Cir. 1997)).

In their motion(s), Defendants contend that they have discovered "new evidence," which they describe as: (1) "Witness Tampering by the Government"; (2) that co-conspirator William Burke was "found guilty of perjury" in a subsequent trial; (3) that Spellissy has passed a "Polygraph Test"; (4) that "Spellissy was on active duty for the United States Army when the alleged conspiracy was born"; and (5) "[t]he Department of Justice doesn't have jurisdiction on Defendant Spellissy." (Dkt. 125, 129). In sum, Defendants' arguments and submissions neither establish nor tend to show actual innocence. Moreover, as will be discussed, the "newly discovered" evidence Defendants rely on is not new and could have been available to Defendants before trial or is merely cumulative or impeaching evidence.

### *"Witness Tampering by the Government"*

Defendants' argument that the Government, through the Department of the Army, tampered with a witness is without merit. Defendants rely on a May 3, 2006 letter from Captain John Tutterow in response to a defense trial subpoena directed to Sergeant First Class Jack Landers (Dkt. 125-3). The Government correctly argues that requiring compliance with the applicable rules and regulations for securing the attendance of active military personnel for trial testimony cannot constitute witness tampering. Moreover, the content of Tutterow's letter is not material to any of the issues tried and does not constitute newly discovered evidence. Lastly, any failure of Defendants to discover the letter was due to a lack of due diligence.

Tutterow's letter contains no information material to the issues tried. It merely informs defense counsel of the applicable rules and regulations for securing the attendance of active military personnel for testimonial purposes and instructs them to comply. Tutterow expresses his intent to "to cooperate as best we can within applicable law and regulation regarding making our personnel available for testimony and release of official information." (Dkt. 125-3). Tutterow provides his phone number and offers to discuss the matter.

If Defendants had intended to actually call Sergeant Landers as a trial witness, they necessarily would have discovered during trial that he would not appear, regardless of the reason. If court intervention was necessary to compel the attendance of a witness who had been subpoenaed such as Sergeant Landers, it was incumbent upon the defense to present the matter to the Court, which they did not do. Defendants cannot now complain that somehow Tutterow's letter is "newly discovered evidence," or that the reason Landers may not have appeared is now "material."

The Court was available to address and resolve any alleged non-compliance with subpoenas by military personnel, as it had done with respect to securing military personnel to testify on behalf of Defendants during the suppression hearing. As a result of the Government's Motion to Quash filed with respect to certain defense subpoenas directed to military personnel for testimony at the suppression hearing, Defendants knew that the Government would likely resist attempts to subpoena active military personnel for trial. (*See* Dkts. 33, 35). Notwithstanding, nothing was raised with the Court regarding Sgt. Landers' non-compliance with a trial subpoena.

The trial in this case began on May 8, 2006 and concluded on May 12, 2006 (Dkts. 49, 62-63). Defendants apparently issued the subpoena to Sergeant Landers not long before trial began, as Captain Tutterow received it on May 2, 2006. He immediately responded to the subpoena, faxing

it and sending it through the mail to defense counsel a week before trial. Defense counsel's office assistant avers that the letter was not received until May 11, 2006. (Dkt. 131, ¶ 3). Assuming that to be true for purposes of the instant motion, that the letter was not physically received until May 11, 2006 by mail is irrelevant. As discussed, this Court was available before and during trial to address any issues of non-compliance with trial subpoenas. By the time the Government rested its case in chief, Defendants necessarily knew which witnesses were and were not available to testify.[2] By deciding not to compel the attendance of Sergeant Landers through appropriate means, Defendants cannot establish the necessary due diligence and cannot now in good faith argue that the Government in some way prevented him from testifying.

Lastly, Defendants' speculation about what Sergeant Landers would have testified to is insufficient to establish that a new trial would probably produce a different result or that Landers' testimony would have shown that Defendants were innocent. Defendants proffer only that "Sergeant Landers would have testified that Mr. Burke was a low level, non-decision making support contractor in a position that could not benefit the Defendants." This proffered testimony would be merely cumulative of the evidence at trial bearing on Burke's authority.

### *"Burke found guilty of perjury"*

Defendants correctly point out that after trial, co-conspirator William Burke was "found guilty of perjury." Burke's perjury conviction does not support the motion for new trial, however, because Burke's conviction is merely impeaching and cumulative to the evidence at trial. When Burke testified, he was subjected to thorough direct and cross examination concerning his credibility,

---

[2] It is the recollection of the undersigned that defense counsel, apparently making a tactical decision, advised the Court that they did not wish to pursue the non-attendance of witnesses who they believed had been subpoenaed. A review of the trial transcripts will confirm, or not, this recollection.

his guilty plea, the terms of his Plea Agreement and the inconsistencies between his testimony and the facts contained in his plea agreement. Notwithstanding that the Government called Burke as its witness, because his testimony was largely inconsistent with his guilty plea, he was essentially cross examined by the Government and the defense. As the Government correctly points out, the Government argued during final argument that Burke lacked credibility. Burke's subsequent perjury conviction therefore merely confirms that his testimony during the trial was less than credible.

In sum, while Burke's perjury conviction may be new, that conviction would merely be impeaching and cumulative of Burke's testimony and his trial examination which focused on the inconsistencies between Burke's guilty plea and his trial testimony. Adding evidence of Burke's perjury conviction to the mix at a new trial would not "probably produce a different result."

### *Polygraph Test*

That Defendant Spellissy took and passed a polygraph examination after the trial does not warrant a new trial. This is not "newly discovered" evidence. Moreover, in the federal criminal justice system, the materiality of the results of a polygraph examination are marginal, at best. *United States v. Piccinonna*, 885 F.2d 1529 (11th Cir. 1989). To the extent that the results of a polygraph examination could be material, one could have been conducted before trial. Defendant Spellissy had exclusive control over whether he submitted to such an examination and apparently chose not to. This demonstrates a lack of due diligence on his part. Defendants' argument are without merit.

### *"Defendant Spellissy was on active duty for the United States Army when the alleged conspiracy was born;" "The Department of Justice doesn't have jurisdiction on Defendant Spellissy."*

In this part of the motion, Defendants refer to a letter Spellissy received from the Department of the Army advising him that his retirement pay grade had been reduced (Dkt. 129-3). Defendants

-5-

apparently contend, although they do not develop their legal argument or cite any supporting authority, that Spellissy was considered to be on active duty at the time of the offenses and therefore the military had exclusive jurisdiction over him because the crimes were related to Spellissy's military duties. Defendants' argument for a new trial based on this letter fails as they have not and cannot establish the materiality of the letter and how it constitutes "newly discovered" evidence.

It is undisputed that Defendant Spellissy had retired from active duty when he committed the offenses of conviction. Jurisdiction of the federal courts under Article III to prosecute former military servicemen for crimes committed in their civilian capacity cannot reasonably be questioned. *See United States ex rel. Toth v. Quarles,* 350 U.S. 11, 21 (1955)("There can be no valid argument, therefore, that civilian ex-servicemen must be tried by court-martial or not tried at all.") In sum, when these offenses were committed, Defendant Spellissy was retired from active duty. He was subject to Article III jurisdiction. What the Department of the Army says in the referenced letter is not material to the federal court's Article III jurisdiction. Defendants' argument has no merit.

### *Hearing Unnecessary*

A hearing on Defendants' motion is unnecessary. The law of this circuit is well established that a motion for new trial may ordinarily be decided on affidavits without an evidentiary hearing. *United States v. Curry,* 497 F.2d 99 (5th Cir.), *cert. denied,* 419 U.S. 1035 (1974); *Lyles v. United States,* 272 F.2d 910 (5th Cir. 1959). Defendants do not make allegations which would otherwise warrant an evidentiary hearing, such as jury tampering, prosecutorial misconduct, or a third party confession. *See Richardson v. United States,* 360 F.2d 366 (5th Cir. 1966); *Casias v. United States,* 337 F.2d 354 (10th Cir. 1964); *United States v. Hamilton,* 559 F.2d 1370, 1373 (5th Cir. 1977). Moreover, as the undersigned presided over the trial, it is unnecessary to have these matters argued or presented during a hearing. *Williams v. United States,* 239 F. App'x 553, 2007 WL 2407039, *4

(11th Cir. 2007)(*citing United States v. Hamilton*, 559 F.2d at 1373-74)("In *Curry*, supra, we held that the acumen gained by a trial judge over the course of the proceedings made him well qualified to rule on the basis of affidavits without a hearing.").

Accordingly, Defendants Thomas Spellissy and Strategic Defense International, Inc.'s Joint Motion for New Trial Based on New Evidence (Dkts. 125, 129) is DENIED.

**DONE AND ORDERED** in chambers this 14th day of November, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record