UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                          Case No. 8:05-CR-475-T-27TGW

**THOMAS SPELLISSY and
STRATEGIC DEFENSE INTERNATIONAL, INC.**
_____/

## ORDER

**BEFORE THE COURT** is the United States' Motion to Strike Defendants' Joint Response in Opposition to United States' Motion to Strike Affidavit of Jeffrey J. Del Fuoco (Dkt. 190) and Defendants' Response in Opposition (Dkt. 192). Upon consideration, the United States' Motion to Strike is GRANTED.

On April 17, 2009, without an accompanying pleading, Defendants filed the affidavit of Jeffrey J. Del Fuoco (Dkt. 184). On motion of the United States, this Court struck the Del Fuoco affidavit, finding that "[a] response to the motion would not assist the court." (Dkt. 188):

> The averments in Del Fuoco's affidavit demonstrate that he has no personal knowledge concerning this case. His opinion of Mr. O'Neill's honesty and law-abidingness is not material to any issue before the court. His opinions pertaining to Defendants' underlying convictions and the evidence supporting the verdicts are irrelevant and wholly immaterial to any issue before the Court. In sum, Del Fuoco's opinions have no probative value and the averments in his affidavit are not material to any issue before the Court. Accordingly, his affidavit is properly excluded, as it contains no admissible evidence. *See United States v. Venske,* 296 F.3d 1284, 1290 (11th Cir. 2002), *cert. denied*, 540 U.S. 1011 (2003) (portions of affidavit filed in support of motion for new trial properly excluded if inadmissible under rules of evidence); *Williams v. United States,* 239 Fed. App'x 553, 557 (11th Cir. 2007), *cert. denied*, 128 S.Ct. 2458 (2008)(highly speculative affidavit which includes hearsay and is not based on personal knowledge by one involved in case is wholly insufficient to warrant new trial or evidentiary hearing).
>
> *The filing of this affidavit was irresponsible, if not reckless*. This docket is not an

appropriate forum for Mr. Del Fuoco to vent complaints having nothing to do with Defendants' underlying convictions and the merits of their post trial motion.

(Dkt. 188, p. 2-3)(emphasis added).

Notwithstanding, two days after the order was entered, counsel for Defendants, although acknowledging the order striking the affidavit, filed Defendants' joint response to the United States' motion and inexplicably attached the same Del Fuoco affidavit as an exhibit. (Dkt. 189). By filing the affidavit after it had been stricken, counsel for Defendants exhibited a willful disregard for the Court's order. Further, the response purports to justify the re-filing of the Del Fuoco affidavit, "to insure that the record is complete . . . ." By this statement, counsel for Defendants essentially ignore the intended effect of the order striking the affidavit.[1]

Additionally, the joint response includes a new allegation that the same Assistant United States Attorney is being investigated by the Florida Bar. (Dkt. 189, p. 2). As the United States points out, however, and counsel for Defendants now apparently acknowledge, the Florida Bar dismissed that complaint on April 2, 2009, *five weeks* before the joint response was filed. This allegation was likewise unrelated to any issue in this case. Its inclusion was reckless and irresponsible. Finally, the joint response includes yet another allegation against a different Assistant United States Attorney concerning the closing of an unrelated investigation. (Dkt. 189, Exhibit E).

---

[1] Defendants could have, but did not, seek reconsideration of the order. In short, these attorneys had remedies if they disagreed with the order. Attempting to circumvent it by rationalizing that "Dkt. 189 must not be struck in order to ensure the Court record is accurate and complete" is disingenuous. (Dkt. 192, p. 5). The affidavit was stricken because of its content, as was clear by the discussion in the order. Under these circumstances, counsel's conduct in re-filing the affidavit could be considered bad faith, justifying a show cause order and imposition of sanctions. *Thomas v. Tenneco Packaging Co., Inc*. 293 F.3d 1306, 1320 (11th Cir. 2002), *cert. denied*, 535 U.S. 1097 (2002)("A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.") (quoting *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)).

Having been convicted by a jury, having had their convictions affirmed on appeal, and having their several post trial motions denied, Defendants now resort to criticizing the prosecutor and his office by including irrelevant accusations and allegations having nothing whatsoever to do with any issue before this Court. In their response to the United States' motion to strike (Dkt. 192), Defendants contend that the Government "is asking the Court to keep Defendants' factually supported criticism of the Government a secret from the public." On the contrary, the concerns of the United States have nothing to do with secrecy. Lodging a personal attack on opposing counsel and the integrity of the United States Attorney's Office through immaterial, impertinent, and scandalous matters entirely unrelated to the merits of any issue before the Court, is highly improper.

Defendant's persistent reliance on the Del Fuoco affidavit is, to say the least, troubling. That affidavit "served only as a vehicle for showering opposing counsel with invective." *Thomas v. Tenneco Packaging Co. Inc.*, 293 F.3d at 1311. Such tactics are inappropriate. Instructive is the Supreme Court's discussion of improper attacks on opposing counsel during trial. "Defense counsel, like his adversary, must not be permitted to make unfounded and inflammatory attacks on the opposing advocate." *United States v. Young*, 470 U.S. 1, 9 (1985)("The kind of advocacy shown by this record has no place in the administration of justice and should neither be permitted nor rewarded; a trial judge should deal promptly with any breach by either counsel.").

A district court may, "on its own," strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f); *Stephens v. Georgia Dept. of Transportation*, 134 Fed.Appx. 320, 322 (11th Cir. 2005), *cert. denied*, 546 U.S. 1095 (2006). In addition to Rule 12(f), the district court has the inherent power to strike a pleading "to enforce its orders." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); *Dzwonkowski v. Dzwonkowski*,

298 Fed.Appx. 885, 887 (11th Cir. 2008)("Indeed, the district court has broad inherent powers, as well as authority under Federal Rule of Civil Procedure 12(f) to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

Under these circumstances, the Court must exercise its discretion to curb the improper tactics engaged in by these Defendants and their attorneys. The drastic remedy of striking the joint response is necessary to enforce the Court's May 5, 2009 order, promote justice, and remind the parties and counsel that this case is to be litigated with civility and professionalism. *See* Local Rule 2.04(h)("Attorneys and litigants should conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay."). Simply put, attacks on opposing counsel are unnecessary and improper and will stop.

The record reflects that Defendants, through the same attorneys, have filed no less than eight substantive post trial motions, seeking either a new trial or to have their convictions vacated. Each of those motions were denied as meritless or successive. With one exception, Defendants have not appealed those orders. The most recent order denying one of those motions *in part* as a successive § 2255 motion is on appeal. (Dkts. 166, 168). Notwithstanding, Defendants filed yet another motion for new trial, again alleging newly discovered evidence, ineffective assistance of counsel, actual innocence, lack of probable cause for the issuance of a search warrant and "additional witness issues." (Dkt. 185).

Defendants' motions have largely been cumulative, repeating the same mantra of innocence, complaints about the evidence, incompetent counsel, newly discovered evidence, and prosecutorial misconduct. As discussed, Defendants have resorted to attacking the integrity of the United States Attorney's Office and disparaging the prosecutor and another Assistant United States Attorney by

injecting immaterial matter in the record. Considering the number of motions, their lack of merit, and their repetitive nature, and the nature of their most recent filings, Defendants and their attorneys have abused the judicial process. Defendants' most recent filings demonstrate that without judicial intervention, Defendants will continue to file meritless and legally deficient pleadings.[2] An appropriate restraint on the filing of improper documents and pleadings is necessary to marshal the filings, conserve judicial resources, control the Court's docket, and to curb abuse.

Accordingly, it is ORDERED:

1. The United States' Motion to Strike Defendants' Joint Response in Opposition to United States' Motion to Strike Affidavit of Jeffrey J. Del Fuoco (Dkt 190) is **GRANTED**.

2. Defendants' Joint Response in Opposition to United States' Motion to Strike Affidavit of Jeffrey J. Del Fuoco (Dkt. 189), including the exhibits attached thereto, are **STRICKEN**. The Clerk is directed to remove the image of Dkt. 189 and its exhibits from the record. **A copy of that pleading and its exhibits shall be preserved by the Clerk, but shall not be copied or disseminated without Court approval.**[3]

3. Pursuant to the Court's "inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases,'" *Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009), no further filings, other than a notice of

---

[2] "Defnedants' [sic] Joint Motion to Compel the United States to Produce Impeachment and/or Exculpatory Evidence" (Dkt. 193) was filed pursuant to Rule 16, Fed.R.Crim.P., notwithstanding that Eleventh Circuit case law, which Defendants failed to acknowledge, was squarely against the relief requested. *See United States v. Felix*, 298 Fed. Appx. 905 (11th Cir. 2008).

[3] The United States raises concerns implicating Rule 4-8.4(c), Rules Regulating the Florida Bar. The pleading will accordingly be preserved by the Clerk but not as part of the public record in this case.

appeal, shall be made in this case by any party without obtaining prior leave of Court.[4]

Should a party desire to file a pleading, that party shall electronically file a brief request for leave to file, including a certification by counsel that in good faith, counsel believes the requested relief to have merit under controlling statutory or case authority. The request for leave to file shall identify the proposed pleading by title only. The proposed pleading shall not be filed electronically. Upon the filing of a request for leave to file, Counsel shall serve on opposing counsel and furnish to chambers a hard copy of the request for leave to file, together with a copy of the proposed pleading. Any proposed pleading shall in all respects comply with Local Rule 3.01.

4. A violation of the terms of this Order will subject the offending party and attorney to sanctions.

**DONE AND ORDERED** this 23rd day of July, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[4] Defendants are granted leave to file a notice of appeal from any appealable order.