UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.     Case No. 8:05-CR-475-T-27TGW

THOMAS SPELLISSY and
STRATEGIC DEFENSE INTERNATIONAL, INC.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Thomas Spellissy's and Defendant Strategic Defense International, Inc.'s Joint Motion for New Trial Based on Newly Discovered Evidence (Dkt. 185) and the United States' Response in Opposition (Dkt. 191). Defendants' motion in part constitutes a successive § 2255 motion and is accordingly subject to dismissal for lack of jurisdiction. Further, the motion raises matters which are the subject of a pending appeal, which divested this Court of jurisdiction over those matters. Additionally, the motion raises issues raised in prior motions and rejected on the merits. Lastly, Defendants' Rule 33 motion for new trial based on newly discovered evidence is DENIED.[1]

---

[1] Any confusion resulting from the resolution of these issues is a direct consequence of the inartful nature of Defendants' motion. Rather than properly invoking the district court's jurisdiction to consider claims of alleged newly discovered evidence, Defendants persist in combining various grounds for relief, some successive, most repetitive of prior motions, and some which are matters on appeal. Given the many filings by these Defendants, the convoluted nature of the instant motion is not surprising. For example, after their convictions had been affirmed, Defendants filed a "renewed" motion to suppress, purporting to re-litigate whether the search warrant in this case was supported by probable cause (Dkt. 149). Recently, notwithstanding Eleventh Circuit case law holding that Rule 16 is applicable only to pre-trial proceedings, Defendants filed a motion to compel discovery pursuant to Rule 16, Fed.R.Crim.P. (Dkt. 193). Because of these inartful and repetitive filings, this Court found it necessary to take the extraordinary measure imposing restrictions on future filings (Dkt. 195).

After a jury trial in May 2006, Defendants were convicted of conspiracy to defraud the United States and to commit bribery and wire fraud (Dkts. 62, 63, 85, 86). Their convictions were affirmed (Dkt. 134). The instant motion is Defendants' *eighth* substantive post trial motion seeking either a new trial, or to have their convictions vacated (Dkts. 125, 126, 129, 130, 133, 151, 158). The motions have been filed pursuant to Rule 33, Fed. R. Crim. P. (Dkts. 125, 129), 28 U.S.C. § 2255 (Dkts. 126, 130, 133, 151), or a combination of the two. The last motion was filed "pursuant to Fed. R.Crim.P. 33, and/or alternatively pursuant to Fed.R.Civ.P. 60(b)(2) and 60(b)(3), (b)(6), accompany by 28 U.S.C. 1651(a) and/or 1652(b)..." (Dkt. 158). That motion, notwithstanding that it was filed by counsel, was construed *in part* as a successive § 2255 motion and dismissed as successive. (Dkt. 166).[2]

Each post trial motion has been denied or dismissed (Dkts. 145, 146, 152, 166). With one exception, Defendants did not appeal those orders. Defendants' appeal from the Order dismissing in part and denying in part their most recent construed § 2255 motion remains pending (Dkt. 168).

## Subject matter jurisdiction

The United States contends that this Court is divested of jurisdiction because Defendants' appeal of the September 2, 2008 Order (Dkt. 166) remains pending. Generally, the filing of a notice of appeal divests the district court of jurisdiction over the matters at issue in the appeal, except to the extent that the trial court must act in aid of the appeal. *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986). Where, for example, a direct appeal is pending from a criminal conviction,

---

[2] Defendants' post trial motions have been filed by the same attorneys. The motions are largely repetitive, raising substantially the same issues and arguments concerning alleged newly discovered evidence, protestations of innocence, ineffective assistance of counsel, prosecutorial misconduct, and errors in the *Franks* hearing. *Franks v. Delaware*, 438 U.S. 154 (1978) (*See* Dkt. 166).

the trial court may not grant a motion for new trial but may either deny it on the merits or certify that it is disposed to grant the motion if the case was remanded. *United States v. Hogan*, 181 Fed.Appx. 803, 804 (11th Cir. 2006).

The issue raised by the Government is whether the instant motion raises matters which are the subject of the pending appeal. After a careful review of Defendants' motion, the Court agrees that at least *in part*, the subject of the instant motion is necessarily encompassed by the pending appeal. This Court is therefore divested of jurisdiction with respect to those matters. On the contrary, to the extent Defendants seek a new trial based on newly discovered evidence, this Court is not divested of jurisdiction to consider that contention. *United States v. Hogan*, supra.

For example, at page 2 of the instant motion, Defendants complain that "the Government prevented witnesses from being interviewed by Defendants' trial counsel." Defendants refer to the affidavits of Don Jones (Dkt. 159) and James Rooney (Dkt. 160). Defendants identify these individuals as witnesses who "have voluntarily come forward to be interviewed . . . ," arguing the discovery of newly discovered evidence. (Dkt. 185, pp. 2; 6-7; 12-13).

In their last motion, titled "Alternative Authority Motion for New trial Filed Pursuant to Fed.R.Crim.P. Rule 33(a) and/or 60(b)(6)," Defendants extensively discussed the Jones and Rooney affidavits relative to the same claim of alleged newly discovered evidence (Dkt. 158, pp. 3-7; 18)("Jones and Rooney's testimony unequivocally provides substantial new evidence that Spellissy is 'actually innocent,' meeting the requirement in Schlup v. Delo, at 327."). That claim of newly discovered evidence was denied on the merits and is now the subject of appellate review (Dkts. 166, 168). Not only are Defendants barred from re-litigating this contention, this Court is divested of jurisdiction by virtue of the pending appeal to consider this claim.

Additionally, the instant motion raises a claim of ineffective assistance of trial counsel. (Dkt. 185, p. 8-9). In their earlier motion, now the subject of appellate review, Defendants complained that their attorneys would not allow Spellissy to testify and that counsel's action denied "Spellissy his Constitutional Right to testify as his own witness," effectively arguing that the attorneys were ineffective. (Dkt. 158, p. 7). Moreover, in an even earlier motion, Defendants exhaustively argued a claim of ineffective assistance counsel, complaining of counsel's representation during the *Franks* hearing, at trial and at sentencing (Dkt. 151, pp. 33-37).

Further, in the instant motion, as they did in their earlier motions, Defendants persist in raising claims related to the pre-trial *Franks* hearing, including deficiencies in Agent Calvert's affidavit, prosecutorial misconduct, including the knowing use of perjured testimony, confrontation issues, perjury, ineffective assistance of counsel, *Brady v. Maryland*, and alleged newly discovered evidence. Based on the Jones and Rooney affidavits, Defendants again claim actual innocence.

To the extent these issues are raised in the instant motion, this Court is divested of jurisdiction by virtue of Defendants' appeal from the Order denying their earlier motion.

**Successive § 2255 motion**

Defendants filed a prior motion expressly invoking jurisdiction pursuant to § 2255. (Dkt. 151). Accordingly, their last substnative motion was construed as a successive § 2255 motion, notwithstanding its designation as a Rule 60(b) motion. (Dkt. 166); *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Galatolo v. United States,* 196 Fed. Appx. 854 (11th Cir. 2006).[3] Like the

---

[3] The holding in *Gonzalez* is applicable to § 2255 cases. *See El-Amin v. United States*, No. 05-1276, 172 Fed. Appx. 942 (11th Cir. Mar. 28, 2006); *United States v. Terrell,* No. 02-14997, 141 Fed. Appx. 849 (11th Cir. Jul. 19, 2005).

prohibition on using Rule 60(b) to circumvent the successive motion bar, Defendants may not circumvent the successive motion rule by designating their motion as a Rule 33 motion. The gate keeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996), cannot be avoided by re-labeling a claim as something other than a § 2255 motion. *See Felker v. Turpin*, 101 F.3d 657, 661 (11th Cir. 1996); *Levert v. United States*, 280 Fed.Appx. 936 (11th Cir. 2008).

To file a second or successive motion to vacate pursuant to § 2255, a petitioner must obtain permission of the court of appeals. Permission will be granted only if the claim is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The instant motion, like Defendants' earlier motions, includes allegations of a denial of their Sixth Amendment right of confrontation during the *Franks* hearing, newly discovered evidence, ineffective assistance of counsel, a *Brady* claim, lack of probable cause for a search warrant, and prosecutorial misconduct (Dkts. 151, 158; 185, pp. 8; 15-18). It is therefore properly construed as a § 2255 motion, at least in part, because it includes allegations directed to the claimed legality of Defendants' underlying convictions. *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990); *Sharpe v. United States,* 213 Fed. Appx. 912, 913-14 (11th Cir. 2007); *United States v. Spuza,* 194

Fed. Appx. 671, 674 (11th Cir. 2006), *cert. denied,* 127 S.Ct. 1011 (2007).[4] Considering the nature of the claims raised, although styled as a Rule 33 motion, the instant motion is likewise properly construed as a § 2255 motion for purposes of the successive motion rule. *See United States v. Spuza,* 194 Fed.Appx. 671, 674 (11th Cir. 2006)(Given the nature of Spuza's claims, some of which raise constitutional challenges to his conviction subsequent to a direct appeal, the district court could have construed his motion as a § 2255 motion.").

In its September 2, 2008 order dismissing Defendants' last motion, this Court explained and admonished counsel that a successive § 2255 motion is subject to dismissal for lack of subject matter jurisdiction, absent authority to file obtained from the Eleventh Circuit (Dkt. 166, p. 2). Notwithstanding that admonition, the instant motion once again collaterally attacks Defendants' convictions. There is no indication that Defendants obtained authority from the Eleventh Circuit to file yet another collateral attack on their convictions.

Inexplicably, without citing any Eleventh Circuit authority, Defendants state: "There is still no procedural barrier to a second habeas petition because the 11th Circuit has said that persuasive, free standing innocence claims should not be barred by procedural default." (Dkt. 185, p. 5). This statement is yet another example of counsel making broad, unsupported statements of legal principles. This statement indicates that counsel does not appreciate the distinction between procedural default and the successive motion bar and its impact on the district court's jurisdiction.

---

[4] In their motion, Defendants seek to have their convictions vacated, rather than relief from the Order denying their prior § 2255 motion. Each of the claims raised in the instant motion, including the claim of "newly discovered" evidence, are directed to the validity of the underlying convictions, rather than any claimed defects in the orders denying the previous § 2255 motions. Accordingly, the instant motion is properly construed as a successive § 2255 motion, as Defendants do not allege defects "in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby,* 545 U.S. at 532.

The statutory bar against successive § 2255 motions precludes the exercise of jurisdiction by the district court, as counsel should know. It has nothing to do with procedural default.

To the extent Defendants seek collateral relief, the motion must be dismissed as a successive motion to vacate under § 2255. *United States v. Terrell*, 141 Fed. Appx. 849, 852 (11th Cir. 2005).

*Newly discovered evidence*

**Chan and Allgrove affidavts**

Defendants again claim that they have discovered new evidence, naming Fred Chan and Donald Allgrove as individuals who "have come forward and given sworn affidavits." (Dkts. 185, p. 2; 173, 174 ). Defendants contend that "[t]heir testimony was not available at trial because the Government prevented program managers and end user representatives (including personnel in similar positions as Chan and Allgrove) from testifying at the *Franks* hearing and trial." (Dkt. 185, p. 2). This bold contention is not supported by affidavit or facts in this record.

Motions for new trial based on newly discovered evidence are "highly disfavored." *United States v. Campa,* 459 F.3d 1121, 1151 (11th Cir. 2006). To obtain a new trial based on newly discovered evidence, Defendants must establish: (1) the evidence was discovered after trial, (2) Defendants' failure to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the evidence is such that a new trial would probably produce a different result. *United States v. Schlei*, 122 F.3d 944, 991 (11th Cir. 1997). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." *United States v. Lee*, 68 F.3d 1267, 1274 (11th Cir. 1995).

Defendants contend that "[d]uring pre-trial and trial the Government prevented witnesses from being interviewed by Defendants' trial counsel, who were not allowed to honor their

subpoenas." (Dkt. 185, p. 2). This contention is essentially the same unsupported allegation of witness tampering made repeatedly by Defendants in several earlier motions.[5] Not only is Defendants' contention not supported by any facts in the record, it is refuted by the discussions between the Court and counsel during pre-trial hearings during which the Court directed the Government to make witnesses available and offered its authority to compel the attendance of witnesses who did not cooperate with counsel's efforts.[6]

Rather than trying to meet the threshold for a claim of newly discovered evidence, Defendants resort to complaining that their attorneys were ineffective, although they proffer no facts to support that claim: "There is no question that Defendants' trial counsel should have compelled these witnesses to testify." That contention, albeit conclusory, begs the question of whether Mssrs. Chan and Allgrove were available to Defendants through the exercise of due diligence and are actually "newly discovered."

---

[5] In earlier motions, Defendants argued: "witness tampering by the Government (Dkt. 125, p. 2), ". . . other Government officials used unethical tactics, including witness tampering, during legal process of this case. . . . New evidence shows that another witness was also tampered with." (Dkt. 126, pp. 2, 3); "Witness tampering by the Government. . . It is evident that the Department of defense . . . have tampered with a witness by preventing him from testifying. . ." (Dkt. 129, pp. 1, 4); "Defendants' right to receive fair hearings and trial has been adversely affected by prejudicial action, suppression of evidence, manipulation, deception, lies, omissions of the truth, witness tampering, coercion, and perjury." (Dkt. 151, pp. 4; 30; Dkt. 156, p. 9 (identical statement)).

[6] In denying Defendants' Emergency Motion for New Trial (Dkt. 125), Court held:

> The Court was available to address and resolve any alleged non-compliance with subpoenas by military personnel, as it had done with respect to securing military personnel to testify on behalf of Defendants during the suppression hearing.
>
> . . . .
>
> As discussed, this Court was available before and during trial to address any issues of non-compliance with trial subpoenas. By the time the Government rested its case in chief, Defendants necessarily knew which witnesses were and were not available to testify. By deciding not to compel the attendance of Sergeant Landers through appropriate means, Defendants cannot establish the necessary due diligence and cannot now in good faith argue that the Government in some way prevented him from testifying.

Moreover, the averments in the affidavits of Chan and Allgrove demonstrate that Spellissy would necessarily have known of their involvement with Burke and presumably, their assessment of Burke's ability to provide preferential treatment and influence procurement priorities. Chan worked with Spellissy for three years and worked with Burke for four years. (Dkt. 173, ¶ 2). Allgrove "worked on Foreign Comparative Test Programs as the USER (Soldier/SEAL) representative with Mr. Burke." (Dkt. 174, ¶ 2). He is apparently intimately familiar with the acquisition program funding and Burke's role in that process. However, his involvement in that program pre-dated the conspiracy alleged in the Indictment. (Dkt. 174, ¶ 2). Further, nothing in either affidavit suggests that the Government, as Defendants allege, prevented Chan or Allgrove from being interviewed.

Finally, the affidavits of Chan and Allgrove do not begin to meet the requirement that their testimony "is such that a new trial would probably produce a different result." Burke's authority to influence acquisition or funding priorities and capability of providing preferential treatment was the subject of extensive testimony during trial. As Defendants acknowledge, Burke himself testified about his inability to accomplish what the Indictment alleged and other witnesses testified to Burke's lack of authority to make "any decisions as a contractor." (Dkt. 185, p. 6). The proffered evidence is therefore cumulative to what was presented to the jury.

In sum, Defendants have again failed to meet their burden of establishing entitlement to relief based on alleged newly discovered evidence. Defendants cannot show that Chan and Allgrove are newly discovered witnesses who could not have been discovered through the exercise of due diligence. Nor have Defendants demonstrated that their testimony would probably produce a different result. Accordingly, Defendants' motion for new trial based on alleged newly discovered

evidence is properly denied. *See United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003) (explaining that to warrant a new trial, a defendant must show, inter alia, that the new evidence was "not merely cumulative or impeaching," was "material to issues before the court" and "would probably produce a different result"); *United States v. Bell*, 2009 WL 749866, 1 (11th Cir. 2009).

**Del Fuoco affidavit**

Defendants also claim that the affidavit of former Assistant United States Attorney Jeffrey Del Fuoco evidences newly discovered evidence. (Dkt. 185, p. 3). Contrary to Defendants' misguided argument, suffice it to say that the averments in Del Fuoco's affidavit demonstrate that he has no personal knowledge of either the Defendants, the charges, the case or the evidence. Simply put, his averments are immaterial to this case. This affidavit is nothing other that a disparaging attack on the Assistant United States Attorney who prosecuted this case, based on matters having nothing whatsoever to do with this case, these defendants, or the evidence presented at trial. This Court found that the filing of this affidavit was "irresponsible if not reckless." (Dkt. 188). It was accordingly stricken on motion of the Government. (Id.) The Del Fuoco affidavit does not constitute admissible evidence and therefore cannot constitute "newly discovered" evidence.

**AUSA Bentley**

Likewise, Defendants' misplaced reliance on telephone calls between Chief Assistant United States Attorney Lee Bentley and Defendants' current counsel and alleged demands by Bentley that the Del Fuoco affidavit be withdrawn does not establish newly discovered evidence. Nor do those statements constitute admissible evidence, as they involve the improper filing of the Del Fuoco affidavit, a matter which is not material to this case.

**Claim of actual innocence**

Defendants' claim of actual innocence (Dkt. 185, pp. 9-12) is nothing more than a re-argument of the *Franks* hearing. No "newly discovered" evidence is presented, merely argument. That Capt. Huss may have considered the 70mm rocket warhead to be "synonymous" with NAMMO must be considered in the context in which that testimony was presented, not from the perspective of hindsight re-argument of the facts, as Defendants do. Defendants merely re-argue the evidence based on their construction of documents and inferences they would have the Court draw from those documents, rather than presenting evidence which could not have been discovered prior to trial through the exercise of due diligence. Indeed, Defendants do not even address when or how the documents they rely on were discovered, and why they could not have been discovered prior to trial. Defendants merely attack the evidence presented during the *Franks* hearing and repeat their criticism of Agent Calvert and the actions of the prosecutor: "The fact is that Calvert and O'Neill . . . mislead the Magistrate Judge with a probable cause affidavit . . ." (Dkt. 185, pp. 10-11).

Defendants' claim of actual innocence does not meet the threshold requirements justifying a review of their underlying convictions under *Schlup v. Delo*, 513 U.S. 298 (1995) and *House v. Bell*, 547 U.S. 518 (2006). Actual innocence means "factual innocence" and must be supported by "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324. In this regard, Defendants present no new evidence of their factual innocence and fail to demonstrate that the claimed new evidence is such that "it is more likely than not that no reasonable juror would have convicted [them]." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This claim has no merit.

**FOIA Request**

For reasons not apparent to this Court, Defendants attach as an exhibit to their motion what appears to be a civil complaint filed under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). (Dkt. 185-4). In their argument under the heading "FOIA Request and Additional New Evidence," Defendants repeat many of the same contentions made earlier in their motion, including the effect of Don Jones' testimony and affidavit, claimed deficiencies in Agent Calvert's search warrant affidavit, claimed *Brady* violations, alleged prosecutorial misconduct, including an alleged unrelated DOJ investigation of that prosecutor, and claimed insufficiency of the evidence.[7] None of these arguments supports Defendants' claim of "newly discovered evidence."

**Additional witness issues**

In his affidavit, Defendant Spellissy avers that in "late December 2007," as he was having lunch with his attorney, Steven Fetherman advised him that he was interviewed by the USSOCOM Inspector General regarding the investigation of Spellissy and that he made favorable comments about Spellissy which were not disclosed "by USSOCOM during my pre-trial and trial hearings." (Dkt. 185-8, ¶ 1). According to Fetherman, Brad Mohr was also interviewed. (Id.) Spellissy avers that another individual, Riggins, told him that he too was interviewed during the course of the

---

[7] At pages 20-22 of the motion, Defendants' contention that the prosecutor improperly vouched for Burke's credibility by examining him regarding his Plea Agreement and guilty plea is misplaced. Defendants overlook authority in this Circuit to the contrary. *See United States v. Wiltshire*, 238 Fed.Appx. 557, 560 (11th Cir. 2007)("In this case, we are satisfied that no vouching occurred. First, the prosecutor was permitted to ask all codefendants about their guilty pleas because they took the witness stand. (citation omitted). Moreover, the prosecutor was permitted to ask questions about perjury because we have explicitly stated that is not vouching. (citation omitted).

investigation. (Id., ¶ 2). Spellissy complains that these interviews were never disclosed "by the USSOCOM" prior to trial.

It is unclear from Spellissy's affidavit or the one paragraph argument devoted to his affidavit in the motion whether Defendants are making another *Brady* claim or whether they are including this affidavit in support of their claim of newly discovered evidence. Either way, there is no merit to their argument. Spellissy's affidavit conspicuously does not describe what these individuals told the investigators. Nor does he explain what evidentiary value those interviews had and if favorable, whether the content was material to the evidence presented to the jury. Defendants have the burden of demonstrating entitlement to relief, whether this is a *Brady* claim or a claim of newly discovered evidence. They fail to meet their burden.

**Evidentiary hearing not necessary or warranted**

A defendant is not entitled to an evidentiary hearing on a motion for a new trial if "the acumen gained by a trial judge over the course of the proceedings [made him] well qualified to rule on the [evidence] without a hearing." *United States v. Schlei*, 122 F.3d 944, 994 (11th Cir. 1997); *United States v. Spuza, supra*. A motion for a new trial "may ordinarily be decided upon affidavits without an evidentiary hearing," and "[w]here evidentiary hearings are ordered, it is because of certain unique situations typically involving allegations of jury tampering, prosecutorial misconduct, or third party confession." *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977); *United States v. McKinney*, 312 Fed. Appx. 247, 248-49 (11th Cir. 2009).

No such circumstances are presented in the instant motion and supporting affidavits. Defendants' allegations of prosecutorial misconduct regarding the *Franks* hearing are without merit. Their allegations of unrelated DOJ and Florida Bar investigations (Del Fuoco affidavit) are

immaterial. Defendants' protestations of actual innocence and their arguments in support do not meet the *Schlup* threshold. In sum, the instant motion, like most of Defendants' prior motions, is devoid of merit.

Accordingly, Defendant Thomas Spellissy's and Defendant Strategic Defense International, Inc.'s Joint Motion for New Trial Based on Newly Discovered Evidence (Dkt. 185) is **DISMISSED** for lack of subject jurisdiction to the extent it contains matters which are subject to the pending appeal or constitutes a successive motion for collateral relief under § 2255. Defendants' Rule 33 motion for new trial based on newly discovered evidence is DENIED.

**DONE AND ORDERED** in chambers this 30th day of July, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record