UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                                           Case No. 8:05-cr-475-T-27TGW

**THOMAS SPELLISSY**
_____/

## ORDER

**BEFORE THE COURT** is Defendant Spellissy's *pro se* Request for Leave to File, in which he seeks leave to file a seventh petition for writ of coram nobis (Dkt. 289), and his Petition for Writ of Error Coram Nobis. (Dkt. 290). The request for leave to file the petition is **GRANTED**. A response to the petition is unnecessary. Upon consideration, the petition is **DENIED**.

The writ of coram nobis is an extraordinary remedy of last resort, "available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). Fundamental error must be shown, such that the underlying criminal proceedings are deemed "irregular and invalid." *United States v. Mayer*, 235 U.S. 55, 69 (1914). Notably, the writ is not available to relitigate criminal convictions. *United States v. Addonizio*, 442 U.S. 178, 186 (1979). And relief for claimed factual errors is warranted only where the errors are "of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid." *United States v. Morgan*, 346 U.S. 502, 509 n.15 (1954).

Spellissy has not identified any fundamental error warranting relief. Rather, he improperly challenges the sufficiency of the evidence supporting his conspiracy conviction and raises arguments that were rejected in his prior petitions. For example, although he cites *Ocasio v. United*

1

*States*, 136 S. Ct. 1423 (2016), as this Court noted, *Ocasio* involved a conspiracy to violate the Hobbs Act and did not change the law on which the jury in Spellissy's case was instructed.[1] (Dkt. 284). This Court further found, and the Eleventh Circuit agreed, that even if there was an error under *Skilling v. United States*, 130 S. Ct. 2896 (2010), or *McDonnell v. United States*, 136 S. Ct. 2355 (2016), the error was harmless. (Dkts. 233, 237, 276, 281). Spellissy's only new contention that could not have been raised in his prior petitions is that in *Kelly v. United States*, 140 S. Ct. 1565 (2020), the Supreme Court held that a conviction under 18 U.S.C. § 1343 requires proof that the fraudulent scheme was "for obtaining money or property," and that the object of the scheme in his case "did not claim to obtain money or property or honest services." (Dkt. 290 at 1, 16). This contention is without merit.

Indeed, *Kelly* did not create a new rule that has been found to be retroactively applicable to cases on collateral review or construe § 1343 in a way that is relevant to Spellissy's case.[2] Rather, applying its precedent in *Skilling*, *McNally v. United States*, 483 U.S. 350 (1987), and *Cleveland v. United States*, 531 U.S. 12 (2000), the Supreme Court found that the conduct at issue in *Kelly* was an exercise of regulatory power, did not have as its object "money or property," and

---

[1] Spellissy relies on *Ocasio* for the proposition that a conspiracy conviction requires proof that the conspirators "agreed that the underlying crime be committed by a member of the conspiracy who was capable of committing it." *Ocasio*, 136 S. Ct. at 1432. He reasons that because the civilian contractor, Burke, was incapable of influencing the proposal process, no conspiracy was formed. (Dkt. 290 at 25-26). This contention, however, challenges the sufficiency of the evidence, and the Supreme Court noted in *Ocasio* that it was applying "basic" and "longstanding" principles of conspiracy law, not that it intended to create a new rule. *Ocasio*, 136 S. Ct. at 1429, 1432. Further, Spellissy has not established that his payments to Burke, who participated in the review and prioritization of specific proposals, were insufficient to support the conspiracy conviction.

[2] As the Eleventh Circuit has instructed, "courts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d at 1204. And a rule of law that is not retroactively applicable under *Teague v. Lane*, 489 U.S. 288 (1989), is "clearly outside the extremely limited scope of a writ of error coram nobis." *United States v. Swindall*, 107 F.3d 831, 834 (11th Cir. 1997); *see also United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002) ("Decisions of the Supreme Court construing substantive federal criminal statutes must be given retroactive effect.").

did not constitute wire fraud. *Kelly*, 140 S. Ct. at 1568-69. Here, Spellissy was convicted of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, by bribing a public official, 18 U.S.C. § 201(b)(1)(A), and wire fraud, 18 U.S.C. §§ 1343 and 1346. (Dkts. 1, 85). And as the Eleventh Circuit noted in denying his previous petitions, the record reflects that "the proscribed activity . . . involved a scheme by Spellissy . . . to pay Burke for preferential treatment in procuring contracts. This remains proscribed activity, even after *Skilling* narrowed 'honest-services fraud' to include only bribe or kickback schemes." *United States v. Spellissy*, 438 F. App'x 780, 783-84 (11th Cir. 2011); *see also United States v. Spellissy*, 710 F. App'x 392, 395 (11th Cir. 2017) (noting evidence of Burke's "participation in the review and prioritization of a specific proposal . . . and his agreement to influence that process in exchange for bribes from Spellissy").[3]

In sum, *Kelly* does not affect Spellissy's conspiracy conviction, and even if there was an error, it was harmless and not fundamental. Further, because Count One of his Indictment correctly charged a § 371 conspiracy, there was no jurisdictional error. (Dkt. 1); *see Peter*, 310 F.3d at 713. Spellissy cites no authority requiring an indictment to expressly charge that the object of a conspiracy's underlying wire fraud is "for obtaining money or property by means of false or fraudulent pretenses, representations or promises." (Dkt. 290 at 18); *see also United States v.*

---

[3] Spellissy further asserts that, based on information discovered through a Freedom of Information Act request, the government "fabricated evidence" to illegally search his residence, Burke testified falsely before the grand jury, and Burke was fired because of a conflict of interest, not bribery. (Dkt. 290 at 4-6, 22-26). Even assuming these assertions are true and that Spellissy has "sound reasons" for failing to seek relief on this basis earlier, he provides no authority establishing that any errors are "of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid." *Morgan*, 346 U.S. at 509 n.15. Rather, allegations of newly discovered evidence and attempts to have the district court revisit its pre-trial rulings are generally not cognizable in coram nobis. *Moody v. United States*, 874 F.2d 1575, 1577 (11th Cir. 1989); *United States v. Spellissy*, 243 F. App'x 550, 551 (11th Cir. 2007) (affirming convictions and district court's denial of motion to suppress and finding that Burke was a public official); *see also United States v. Andre*, 601 F. App'x 836, 839 (11th Cir. 2015) (noting that where jury returns guilty verdict, prosecutorial misconduct or other error due to false testimony before the grand jury is harmless). Spellissy's claims of ineffective assistance of counsel are likewise not cognizable and without merit. (Dkt. 290 at 1-2).

*McDaniel*, 503 F. App'x 757, 761 (11th Cir. 2013) ("[T]he district court did not err in refusing to dismiss the indictment because it correctly provided all of the essential elements of the conspiracy offense, and the indictment was not required to list the essential elements of the substantive offenses that were the objects of the conspiracy."). His remaining contentions were rejected in prior petitions or could have been raised earlier, and they are, in any event, without merit. Accordingly, Spellissy's Petition for Writ of Error Coram Nobis is **DENIED**. (Dkt. 290).

**DONE AND ORDERED** this 17th day of July, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, *pro se*, Counsel of Record